USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/08

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
Corporation Counsel

**LAW DEPARTMENT**
100 CHURCH STREET

MEMO ENDORSED

**Susan P. Scharfstein**
Special Federal Litigation Division
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

April 25, 2008

**BY HAND**
Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Application granted in part.*
**SO ORDERED:**

_____
WILLIAM H. PAULEY III U.S.D.J.
4/30/08

*Defendants' motion shall be addressed at the conference. The Court will also address Defendants' application to defer discovery at the conference.*

Re: Ramen v. City of New York, et al., 08 CV 433 (WHP)

Dear Judge Pauley:

       I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York, the New York City Police Department, the Kings County District Attorney's Office, Charles Hynes, the Queens County District Attorney's Office, and Richard Brown in the above-referenced action alleging violations of plaintiff's federal rights brought pursuant to 42 U.S.C. § 1983. I write with reference to defendants' proposed motion to dismiss plaintiff's complaint in all respects pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. <u>Defendants ask that the Court address their proposed motion at the initial conference now set for May 2, 2008, at 9:45 a.m., and defer discovery until after resolution of the motion.</u>

A.    **Plaintiff's Allegations**

       In this action, plaintiff Leonard Ramen, individually and as administrator of his wife's estate, alleges that his wife, Natasha Ramen, was raped and assaulted by a non-party to this action, Hemant Meganth, on or about May 22, 2005. See Complaint at ¶ 17. He alleges that an order of protection was issued by the Kings County Court at Meganth's arraignment on April 26, 2006. Complaint at ¶ 18. According to plaintiff, over a period of time, Meganth continued to harass Natasha Ramen and her family, threatening to kill her, until he slit her throat on March 17, 2007. Complaint at ¶¶ 20-30. Plaintiff also alleges that the threats were made known to members of the NYPD, who promised to arrest Meganth and get him off the streets. Complaint at ¶ 23. Plaintiff further alleges that, following Meganth's arrest in October of 2006, the Queens County District Attorney assumed responsibility for Meganth's prosecution and enforcement of the previously-issued order of protection. Complaint at ¶ 26. He further alleges that, at a court

conference held on February 20, 2007, the Kings County District Attorney had a continuing duty to protect Natasha Ramen based on promises that had been made to her by other City agents. Complaint at ¶ 27. As a result of the foregoing, plaintiff alleges that the defendants had an affirmative duty to protect Natasha Ramen and failed to do so. Complaint at ¶ 42.

Plaintiff alleges federal and state law claims for wrongful death, survival, and loss of consortium. See generally Complaint. He appears to base his federal claims on purported violations of constitutional rights pursuant to the Fourteenth Amendment. See, e.g., Complaint at ¶¶ 5, 42, 49, 57.

**B.   Legal Analysis Supporting Dismissal of This Action**

As an initial matter, plaintiff fails to allege a violation of any federally-protected right. A state's failure to act to protect an individual against violence by a private actor generally does not amount to a deprivation of a right in violation of the due process clause of the Fourteenth Amendment. See DeShaney v. Winnebago Dep't of Soc. Servs., 489 U.S. 189, 197 (1989); Matican v. City of New York, 2008 U.S. App. LEXIS 8724 at *7 (2d Cir. Apr. 23, 2008). A cause of action does not, for example, lie against police for failing to enforce an order of protection. See Town of Castle Rock v. Gonzeles, 545 U.S. 748, 768 (2005). An exception to this principle may apply where a state actor had "special relationship" with the victim, Ying Jing Gan v. City of New York, 996 F.2d 522, 533 (2d Cir. 1993) (citing DeShaney, 489 U.S. at 198)), or the state actor in some way assisted in creating the danger. Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993). Even if one of these exceptions applies, plaintiff also must show that the conduct was so egregious as to "shock the conscience" to satisfy substantive due process considerations. County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998).

In these circumstances, no "special relationship" attaches to create a constitutional claim against the defendants for failure to protect. See DeShaney, 489 U.S. at 197; see also Matican, 2008 U.S. App. LEXIS 8724 at *9-10 (special relationship usually confined to limited circumstances in which the state has taken the affirmative act of assuming an involuntary custodial relationship); Kaya v. City of New London, 2008 U.S. Dist. LEXIS 5478 at *26 (D. Conn. Jan. 25, 2008) (same).[1] Nor can this be viewed as a case involving a state-created danger. See, e.g., Pena v. Deprisco, 432 F.3d 98, 109 (2d Cir. 2005) (noting that this circumscribed theory applies based on relationship between a government actor and a private assailant). In analyzing the "state-created danger" exception, courts distinguish between "active" and "passive" government conduct, the latter of which does not create liability. Matican, 2008 U.S. App. LEXIS 8724 at *9-10 (citing Pena, 432 F.3d at 109) (other citations omitted); see also Raucci v. Town of Rotterdam, 902 F.2d 1050, 1053-54 (2d Cir. 1990) (recognizing that district court granted summary judgment on § 1983 due process claims in case alleging failure to protect in face of repeated threats of violence by private party). This Court lacks subject matter jurisdiction over plaintiff's claims because those claims are essentially state law tort claims for which there is no remedy pursuant to § 1983 and therefore no federal jurisdiction.

---

[1] For the Court's convenience, copies of Lexis and other unreported decisions cited in this memorandum are arranged in alphabetical order and annexed hereto as Exhibit A.

Additionally, defendants the Kings County District Attorney's Office, Charles Hynes, the Queens County District Attorney's Office, and Richard Brown (the "District Attorney defendants") are entitled to prosecutorial immunity from suit. This doctrine affords absolute immunity from liability under § 1983 for their conduct in activities that are associated with the judicial phase of the criminal process. Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976)); Ying Jing Gan, 996 F.2d at 530.

To the extent that plaintiff seeks damages from the District Attorney defendants, plaintiff's claims also must be dismissed because these defendants are immune from suit in their official capacities pursuant to the Eleventh Amendment. Ying Jing Gan, 996 F.2d at 536. Nor is it alleged, or can it be proven, that defendants had any personal involvement in the alleged deprivation of rights. Personal involvement in an alleged constitutional violation is a prerequisite to liability under § 1983. Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Where a complaint fails to allege personal involvement by defendants named in the caption, the complaint is fatally defective on its face. Alfaro Motors v. Ward, 814 F.2d 883, 886 (2d Cir. 1987). Section 1983 liability cannot be premised on vicarious liability or respondeat superior. See Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978).

Any claim by plaintiff against the City of New York can be premised only on a theory of municipal liability pursuant to Monell. To establish Monell liability, a plaintiff must show that a violation of his constitutional rights resulted from a municipal custom or policy. See Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991). A single alleged incident is insufficient to establish Monell liability. Dwares, 985 F.2d at 100. Further, pursuant to New York City Charter § 396, the New York City Police Department is not a suable entity. See, e.g., Marchisotto v. City of New York, 2007 U.S. Dist. LEXIS 27046 at 2 n.1 (S.D.N.Y. Apr. 11, 2007). For these reasons, there are no viable federal claims against either the City of New York or the New York City Police Department.

In the absence of a viable federal claim, this Court lacks subject matter jurisdiction over plaintiff's claims and these claims should not proceed in this federal forum. Alternatively, we ask that the Court decline jurisdiction over plaintiff's state law claims. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (noting that lower court was correct in stating that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims"); see also Matican, 2008 U.S. App. LEXIS 8724 at *7 (in absence of valid § 1983 claim, district court has discretion to decline to exercise jurisdiction over pendent state claims).

For the reasons set forth above, defendants request that the Court address their proposed motion to dismiss at the conference now set for May 2, 2008.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc:    Peter Pearson Traub, Esq.
       Law Offices of Peter P. Traub
       107 Grand Street, 4th Floor
       New York, NY 10013
        (by hand)

       Daniel M. Kirschenbaum, Esq.
       Joseph & Herzfeld
       757 Third Avenue
       New York, NY 10017
        (by hand)